UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JEFF B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 3:19-cv-05931-BAT <br><br> **ORDER AFFIRMING THE COMMISSIONER** |

Plaintiff Jeff B. seeks review of the denial of his application for Social Security benefits. He contends the ALJ misevaluated medical opinions and the medical evidence, plaintiff's testimony, and the lay witness evidence, and that the resulting residual functional finding and finding of nondisability are therefore erroneous. Dkt. 25. He seeks remand for an award of benefits. *Id.* The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

## DISCUSSION

**A.    Medical opinions**

Plaintiff argues that the ALJ failed to properly evaluate the opinions of examining doctor Terilee Wingate, Ph.D., and consulting doctors Michael Regets, Ph.D., and John Robinson, Ph.D. Dkt. 25 at 3.

ORDER AFFIRMING THE COMMISSIONER - 1

*1.      Dr. Wingate*

Dr. Wingate examined plaintiff in October 2014. She opined that plaintiff was able to understand, remember, and learn simple and some complex tasks; he had difficulty sustaining attention to tasks throughout a daily and weekly work schedule due to episodic anxiety and depressed mood; he had difficulties when faced with pressures of work and would function best with routine work; he would not work well under strict time pressures; he had sufficient judgment to avoid hazards and make work decisions; and he could accept directions from a supervisor and he could get along with a few coworkers but he would not work well with the general public. Tr. 327.

The ALJ gave Dr. Wingate's opinion great weight because it was based on clinical testing and objective medical evidence. Tr. 374. The ALJ found that Dr. Wingate assessed that plaintiff's memory was intact, his attention was fair, and he had sufficient judgment. *Id.* The ALJ further found that Dr. Wingate assessed some social interaction, adaptation, and concentration and pace limitations, which the ALJ found to deserve some weight. *Id.* The ALJ found that, with respect to mental functioning, plaintiff had the RFC to perform work that was low stress, meaning it did not require driving; consisted of routine tasks; did not require more than occasional superficial interaction with the general public; did not require interaction with more than 10 coworkers; and was quota-based rather than production paced. Tr. 369.

Plaintiff argues that although the ALJ stated he gave great weight to Dr. Wingate's opinion, he erroneously failed to include all the limitations Dr. Wingate described—specifically, her opinions that (1) plaintiff was limited to simple and some complex tasks, (2) he would have difficulty sustaining attention throughout a daily and weekly work schedule, (3) he would have difficulty with the pressures of work and would function best with routine work, (4) he would

ORDER AFFIRMING THE COMMISSIONER - 2

1  not work well under strict time pressures, (5) he could get along with a few coworkers, and (6)

2  he would not work well with the general public. Dkt. 25 at 4.

3      The Commissioner responds that the ALJ included restrictions in the RFC that adequately

4  accounted for the limitations Dr. Wingate assessed. Dkt. 28 at 6. Specifically, the Commissioner

5  asserts that the ALJ accounted for (1) the opinion that plaintiff had difficulty sustaining attention

6  to tasks and would not work well under time pressure with the restriction to quota-based work

7  rather than production-paced work, (2) the opinion that plaintiff had difficulty with the pressures

8  of work and would function best with routine work with the limitation to low stress jobs with

9  routine tasks, and (3) the opinion that plaintiff could get along with a few coworkers and would

10 not work well with the general public with the limitation to work that did not require interaction

11 with more than 10 coworkers and did not require more than occasional, superficial interaction

12 with the general public. Dkt. 28 at 6. The Commissioner further asserts that the ALJ reasonably

13 inferred from Dr. Wingate's opinion that plaintiff could understand, remember, and learn some

14 complex tasks that a restriction to simple tasks was not necessary. *Id.* at 7.

15     Plaintiff's argument amounts to an assertion that the ALJ erred by failing to incorporate

16 Dr. Wingate's opinion word-for-word into the RFC finding. However, even where the ALJ gives

17 great weight to an opinion, the ALJ is not required to adopt the opinion word-for-word. Rather,

18 the ALJ is responsible for "translating and incorporating" an opinion "into a succinct RFC."

19 *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015). Moreover, as a general

20 matter, the ALJ is entitled to draw reasonable inferences logically flowing from the record.

21 *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Sample v. Schweiker*, 694 F.2d

22 639, 642 (9th Cir.1982)). And where the ALJ's interpretation of the evidence is rational, the

23 Court must uphold it, even if an alternate interpretation is possible. *Thomas v. Barnhart*, 278

1  F.3d 947, 954 (9th Cir. 2002). Plaintiff's argument that the ALJ erred by failing to use the

2  precise language of Dr. Wingate's opinion fails.

3  Plaintiff fleshes out his argument in his reply. He faults the ALJ for failing to include the

4  language from Dr. Wingate's opinion that plaintiff "has difficulty sustaining attention to tasks

5  throughout a daily and weekly work schedule due to episodic anxiety and depressed mood,"

6  arguing that the limitation to quota-based rather than production work fails to account for this

7  limitation. Dkt. 29 at 2. But the ALJ reasonably accounted for difficulty with sustaining attention

8  by limiting plaintiff to low stress, routine, quota-based work. The ALJ was not required to

9  include the reasons for this difficulty (episodic anxiety and depressed mood) in the RFC finding.

10  Plaintiff also argues that the ALJ's limitation to interacting with 10 coworkers does not

11  adequately account for Dr. Wingate's opinion because "'10' is not 'a few.'" Dkt. 29 at 2. But Dr.

12  Wingate did not specify a number, and the ALJ set a reasonable limit on the number of people

13  plaintiff could interact with in a workplace. And plaintiff argues that because Dr. Wingate did

14  not opine that plaintiff could perform all complex tasks, the ALJ erred by failing to include a

15  restriction to simple tasks. Dkt. 29 at 2-3. Although the ALJ did not preclude plaintiff from

16  performing complex tasks, the other limitations in the RFC finding, including to routine, quota-

17  based work, adequately account for plaintiff's ability to perform some complex tasks.

18  Plaintiff's proposes an alternative interpretation of the opinion and alternate ways to

19  incorporate the opinion into an RFC finding. But the ALJ reasonably translated and incorporated

20  the limitations opined by Dr. Wingate into the RFC finding, and the Court may not disturb that

21  assessment. The ALJ did not err in evaluating Dr. Wingate's opinion.

22

23

1     *2.    Non-examining doctors*

2     Dr. Regets reviewed the record in October 2014 and opined that plaintiff had some

3  moderate limitations in mental functioning but he was able to understand, carry out, and

4  remember simple instructions; make simple work-related decisions; respond appropriately to

5  supervision, co-workers, and work situations but should avoid the general public; and deal with

6  changes in a routing work setting. Tr. 84-86. Dr. Robinson reviewed the record and affirmed Dr.

7  Regets's opinion in February 2015. Tr. 97-99. The ALJ gave these opinions great weight, finding

8  that they were consistent with and supported by the objective medical evidence and plaintiff's

9  reported level of functioning. Tr. 374.

10     Plaintiff argues that the ALJ failed to acknowledge that these opinions are "somewhat

11 inconsistent" with Dr. Wingate's opinion and, as an examining psychologist, Dr. Wingate's

12 opinion is entitled to more weight than those of the consulting doctors. Dkt. 25 at 5.

13     The Court finds no error in the ALJ's decision to give great weight to the consulting

14 doctors' opinions as well as to Dr. Wingate's opinion, and no error in the ALJ's failure to state in

15 the decision that there are slight differences between the opinions. Again, it is the ALJ's job to

16 translate and incorporate medical opinions into a succinct RFC. *Rounds*, 807 F.3d at 1006. That

17 is precisely what the ALJ did. The Court may not disturb the ALJ's assessment.

18     **B.    Plaintiff's testimony**

19     Plaintiff argues that the ALJ failed to properly evaluate his testimony. Where, as here, the

20 ALJ did not find that plaintiff was malingering, the ALJ is required to provide clear and

21 convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.

22 2001). An ALJ does this by making specific findings supported by substantial evidence.

23 "General findings are insufficient; rather, the ALJ must identify what testimony is not credible

1  and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834
2  (9th Cir. 1996).
3        The ALJ found that plaintiff's allegations were inconsistent with the objective medical
4  evidence. Tr. 371. Although lack of supporting objective medical evidence cannot be the sole
5  reason an ALJ discounts a claimant's testimony, the ALJ may consider it along with other
6  factors. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). The ALJ discussed records
7  documenting plaintiff's treatment for both physical and mental impairments, including records of
8  plaintiff's blood sugar and blood pressure measurements, physical examinations, and mental
9  status examinations, finding that these records did not demonstrate the level of impairment
10 plaintiff alleged, showed improvement with treatment, or showed failure to follow treatment
11 recommendations. Tr. 371-72.
12       Plaintiff argues that the ALJ failed to properly evaluate the medical evidence in general
13 and that this failure tainted the ALJ's evaluation of plaintiff's testimony. Dkt. 25 at 8. To support
14 this argument, he provides a lengthy summary of treatment notes that he asserts are consistent
15 with his testimony and show that the ALJ improperly rejected his testimony. Dkt. 25 at 5-7.
16 However, the fact that plaintiff has identified treatment records that he asserts are consistent with
17 his testimony does not establish that the ALJ erred in finding his testimony inconsistent with
18 other evidence. The Court may neither reweigh the evidence nor substitute its judgment for that
19 of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Plaintiff's
20 proposed alternative interpretation of the evidence is insufficient to establish error in the ALJ's
21 evaluation of the evidence. The ALJ identified inconsistencies between plaintiff's allegations and
22 objective evidence in the records. This was a valid reason to discount his testimony.
23

The ALJ found that treatment records demonstrated that plaintiff had a history of not utilizing the available treatment measures, including not checking his blood sugar levels, not giving himself bolus insulin doses, and disconnecting his insulin pump. Tr. 372. An ALJ may consider unexplained, or inadequately explained, failure to seek treatment or follow a prescribed course of treatment when evaluating plaintiff's testimony. *See Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Plaintiff asserts that the ALJ improperly failed to consider his testimony that it was difficult to maintain the discipline needed to check his blood sugar regularly and his arm gets sore after pricking it several times a day. Dkt. 25 at 9. The ALJ noted plaintiff's testimony that he did not respond to alarms from his insulin pump and that he disconnected his pump when he was going to be active because the insulin delivery would cause his blood sugar to be lower when he exerted himself. Tr. 370-71. The ALJ identified failure to comply with treatment that went beyond maintaining discipline in testing and wanting to avoid pricking his arm. This was a valid consideration in evaluating his testimony.

The ALJ identified other inconsistencies in plaintiff's testimony, finding that they further undermined his testimony. Tr. 372. The ALJ noted that plaintiff alleged numbness of his hands and feet, but the medical records show that he complained of numbness only after an acute leg injury in April 2014. *Id.* The ALJ further noted that plaintiff testified that his condition worsened over time, but he started working at substantial gainful activity levels without any particular change in his condition noted in the record. *Id.* And the ALJ noted that plaintiff testified that he started working at his current job when his friend's business grew to a level that would support a full-time position, but he could have done this work sooner if the job had been available sooner. Tr. 372-73.

ORDER AFFIRMING THE COMMISSIONER - 7

1    Plaintiff asserts that the inconsistencies the ALJ identified are either not meaningfully
2 inconsistent or do not constitute a convincing reason to discount his testimony. Dkt. 25 at 8. This
3 is a conclusory assertion that does not establish error in the ALJ's assessment of the evidence.
4    Plaintiff also argues that in discussing his ability to work, the ALJ failed to note that
5 plaintiff performed seasonal work for less than two months, and the job he started at the end of
6 the alleged disability period included accommodations which plaintiff testified he could not have
7 done the work without. Dkt. 25 at 10. However, the ALJ noted these accommodations and found
8 that the fact that the demands of the job fit plaintiff's impairment-related needs did not make it
9 work performed under special conditions or in a sheltered environment as those terms are used in
10 the regulations. Tr. 373. Specifically, the ALJ noted plaintiff's testimony that he was not hired
11 until the business could support a full-time position and that he was not being paid more than his
12 work was worth. *Id.* The ALJ reasonably found that plaintiff's ability to work was inconsistent
13 with his allegations.
14    The ALJ found that plaintiff's other activities during the alleged disability period were
15 inconsistent with his testimony, including plaintiff's reports in the medical record that he was
16 involved with many different jobs such as helping a friend with landscaping, his wife's report
17 that he was caring for alpacas and doing farm work, and his reports that he could prepare meals,
18 drive, go shopping, help get his children ready for school, run errands, and handle his own
19 finances. Tr. 373. The ALJ may not penalize a claimant for attempting to live a normal life in the
20 face of his limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But
21 contradictions between a claimant's reported activities and his asserted limitations are a valid
22 consideration. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999).
23 Plaintiff asserts that the none of the activities the ALJ identified were actually inconsistent with

ORDER AFFIRMING THE COMMISSIONER - 8

his testimony, none of them meet the threshold for transferrable work skills, and none show that he could perform full-time competitive work on a sustained basis, arguing that the ALJ penalized him for attempting to live a normal life in the face of his limitations. Dkt. 25 at 10. Plaintiff again makes conclusory assertions about the ALJ's finding and asks the Court to interpret the evidence in a manner more favorable to him. This the Court cannot do. The ALJ did not err in finding that plaintiff's activities were inconsistent with his testimony.

Plaintiff spends over five pages summarizing his testimony, apparently asking the Court to rely on this summary to find error in the ALJ's assessment of the testimony. But the Court may not substitute plaintiff's alternative interpretation of the testimony for the ALJ's. *Thomas*, 278 F.3d at 954. Although plaintiff believes the ALJ should have interpreted his testimony in a more favorable manner, plaintiff has not shown error in the ALJ's interpretation. The Court finds that the ALJ did not err in discounting plaintiff's testimony.

### C. Lay witness evidence

Plaintiff argues that the ALJ failed to properly evaluate the lay witness testimony from his wife, Tracy B. Dkt. 20 at 17. Lay testimony as to a claimant's symptoms is competent evidence that the ALJ must take into account, unless the ALJ gives specific, germane reasons to discount it. *See Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006).

The ALJ found that Ms. B.'s statements mirrored plaintiff's allegations, including statements that that plaintiff had poor vision and that he could not grip objects and dropped items because of numbness in his hands. Tr. 374. The ALJ gave her statements little weight because they were inconsistent with the objective evidence and with plaintiff's activities and demonstrated capabilities. *Id.*

Plaintiff argues that the fact that Ms. B.'s statements mirror plaintiff's allegations is not a valid reason to reject them. Dkt. 25 at 17. But where an ALJ has provided clear and convincing reasons for finding a claimant not fully credible, those reasons are germane reasons for rejecting similar lay witness testimony. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009). As discussed above, the ALJ validly discounted plaintiff's testimony as inconsistent with the objective evidence and with plaintiff's activities. These were also valid reasons to discount Ms. B.'s similar testimony. The ALJ did not err in discounting the lay witness statements.

### D. RFC and step five finding

Finally, plaintiff argues that the ALJ's RFC finding and step-five finding of non-disability were erroneous because they were based on the improper analysis of medical evidence and testimony as alleged above. Dkt. 25 at 17-18. This argument is based on plaintiff's previous assignments of error, all of which this Court has rejected. Because the ALJ's RFC finding and hypothetical to the vocational expert contained all the limitations the ALJ found credible and supported by substantial evidence, the ALJ's RFC and step-five findings based on that assessment are valid. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217-18 (9th Cir. 2005).

### CONCLUSION

For the foregoing reasons, the Commissioner's decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 17th day of December, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge